J-A15012-19
J-A15013-19

2019 PA Super 341

| | | |
|---|---|---|
| DIGITAL COMMUNICATIONS WAREHOUSE, INC. AND STUART LACHEEN | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALLEN INVESTMENTS, LLC AND ALLEN INVESTMENT PROPERTIES, LLC | : : : | |
| v. | : | |
| WILLIAM ALLEN, | : : | |
| APPELLANT | : | No. 300 EDA 2018 |

Appeal from the Order Entered December 26, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August, 2010 No. 02381

| | | |
|---|---|---|
| DIGITAL COMMUNICATIONS WAREHOUSE, INC., | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ALLEN INVESTMENTS, LLC,, | : : | |
| Appellant | : | No. 2286 EDA 2018 |

Appeal from the Order Entered June 19, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  100802381

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E. and COLINS, J.*

OPINION BY BENDER, P.J.E.:                    **FILED NOVEMBER 15, 2019**

*Retired Senior Judge Assigned to the Superior Court.

Appellant, William Allen, intervener in the underlying proceeding, appeals from the December 26, 2017 order,[1] granting his motion to open the October 10, 2010 default judgment entered against Allen Investments, LLC, and Allen Investment Properties, LLC (collectively "Allen Investments") and in favor of Digital Communications Warehouse, Inc., *et al.* ("Digital"). Additionally, Allen Investments appeals from the June 19, 2018 order denying its petition to strike and/or open the default judgment entered against it.[2] After careful review, we quash William Allen's appeal at No. 300 EDA 2018; we affirm in part and reverse in part the June 19, 2018 order underlying Allen Investments' appeal docketed at No. 2286 EDA 2018, and remand for further proceedings.

The trial court has summarized the relevant facts and procedural history of this matter as follows:

> The underlying matter in this case stems from a breach of contract claim for the purchase of televisions. On February 17, 2009, [Digital] entered into a contract for the purchase of television monitors with [Allen Investments]. Under the contract, [Digital] agreed to pay [Allen Investments] … []$3,885,000.00[] for delivery of … []3,100[] television units, and [Allen Investments] warranted that it had legal title to the units as well as full authority to sell them to [Digital]. At the time of the contract's signing, [Digital] agreed to a … []$5,000.00[] deposit and had already procured a buyer for the television units. Shortly thereafter, [Allen Investments] induced [Digital] to enter into a

---

[1] The order is dated December 22, 2017, but was not entered on the docket until December 26, 2017.

[2] For ease of disposition, we consolidate the appeals at Nos. 300 EDA 2018 and 2286 EDA 2018 *sua sponte*, due to the similarity of the issues involved.

shipping contract in an effort to facilitate the product delivery, however, [Allen Investments] never delivered the television units, nor did [Allen Investments] ever actually have legal title or authority to the units.

[Digital] filed suit against [Allen Investments] in Pennsylvania on August 17, 2010, claiming damages [for] breach of contract, misrepresentation, and fraud. [Allen Investments] failed to respond to the complaint or enter an appearance, and on October 14, 2010, [a] default judgment was entered against [Allen Investments] in the amount of … []$14,601,000.00[].[3]

Trial Court Opinion ("TCO II"), 1/4/19, at 1-2 (unnecessary capitalization omitted).

On June 8, 2017, William Allen petitioned to intervene and [to] strike and/or open the default judgment. Mr. Allen alleged that his son, Marc Gregory Allen, had created [Allen Investments, LLC and Allen Investment Properties, LLC][1] and had fraudulently assigned to Allen Investments, LLC ownership of multiple properties belonging to William Allen, including a Palm Harbor, Florida condominium complex. William Allen further alleged that Mr. Lacheen, who then held the judgment against [Allen Investments], was attempting to attach Mr. Allen's properties to collect on the outstanding default judgment.

[1] Digital [] avers in its compliant [sic] that [Allen Investments, LLC and Allen Investment Properties, LLC] were both incorporated in Florida.

On July 21, 2017, the court issued a rule to show cause why Mr. Allen's petition to intervene should not be granted. After briefing, the court entered an order dated July 13, 2017, which granted the petition to intervene, added William Allen to the case as a party, and granted [him] 20 days to file "an appropriate petition or motion challenging the underlying judgment and/or execution."

---

[3] "Digital [] assigned the judgment to Jade Electronics Distributors, Inc. on September 15, 2011, which subsequently assigned the judgment to Stuart Lacheen on February 1, 2013." Trial Court Opinion ("TCO I"), 7/31/18, at 1 (citation to record omitted).

- 3 -

J-A15012-19
J-A15013-19

On August 1, 2017, Mr. Allen filed a petition to strike [the] default judgment and/or open [the] default judgment and/or stay execution pending final termination of an action pending in Florida. The court entered an order on September 7, 2017, allowing the parties 60 days to conduct discovery on the issues of service and timeliness of the motion, and 30 additional days for briefing. On December 14, 2017, an order was entered granting Mr. Allen's petition to strike the default judgment as to damages only, and stating that an assessment of damages hearing would be scheduled forthwith. On December 21, 2017, [] Digital [] filed a motion for reconsideration of the December 14 order, asking that it be amended to make clear that the date of the judgment on liability remained October 10, 2010[,] and that the December 14 order only affected the damages award. On December 26, 2017, an order was entered granting the motion for reconsideration, vacating the December 14 order, and clarifying that the motion to strike was granted only as to damages. Mr. Allen timely filed a notice of appeal of the December 26 order on January 18, 2018.

TCO I at 2-3 (unnecessary capitalization and citations to record omitted).[4, 5]

Subsequently, on January 22, 2018, Allen Investments filed its own petition to strike and/or open the remaining default judgment. The court entered an order on June 19, 2018, which denied Allen Investments' petition. On July 10, 2018, Allen Investments filed a timely notice of appeal, followed by a timely, court-ordered Rule 1925(b) statement of errors complained of on appeal.

_____

[4] The trial court did not direct William Allen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[5] On April 5, 2018, this Court issued a rule to show cause as to why this appeal should not be dismissed as premature, because the December 26, 2017 order specifically contemplates that the court will hold an assessment of damages hearing. William Allen filed a timely response on April 12, 2018. Accordingly, we discharged the April 5, 2018 show-cause order and referred the issue of appealability to the merits panel assigned to this case.

- 4 -

William Allen now presents the following issues for our review:

A. Was there defective service so that the record for the 2010 default judgment contains a fatal error on its face requiring the default judgment to be stricken?

B. Did the [c]ourt lack power to enter the default judgment against [Allen Investments] because [Allen Investments was] not subject to general or specific jurisdiction in Pennsylvania and because proper service was never affected?

C. Even assuming service and jurisdiction had been proper, do the circumstances of this case nevertheless warrant the opening of the default judgment?

D. In his motion, did [William Allen] seek relief as to both damages and liability?

E. Should [William Allen] have been allowed to file a response in opposition to [Digital's] motion for reconsideration of the trial court's December 13, 2017 [o]rder?

Brief for William Allen at 5-6.

Additionally, Allen Investments raises the following sole issue for our review: "Should this [c]ourt reverse the denial [of] a petition to strike a default judgment where … [Digital] failed to serve original process in any manner authorized by the Pennsylvania Rules of Civil Procedure?" Brief for Allen Investments at 4.

Before we address the merits of Appellants' claims, we must first determine whether these appeals are properly before us, because "the question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (quoting *In re Estate of Israel*, 645 A.2d 1333, 1336 (Pa. Super. 1994)). "An appeal may be taken from: (1) a final order or an order

certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.[] § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **Bloome v. Alan**, 154 A.3d 1271, 1273 (Pa. Super. 2017). Pennsylvania Rule of Appellate Procedure 311 provides for interlocutory appeals as of right and states:

> (a) **General rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> (1) Affecting judgments. – An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

Instantly, William Allen appeals from the December 26, 2017 order which purports to grant a motion to strike a judgment as to damages only. The order expressly states, in relevant part: "The Intervener['s], William Allen[], motion to strike default judgment is GRANTED as to damages. The October 10, 2010 judgment amount of $14,601,000 is stricken…. An assessment of damages hearing shall be scheduled forth with." Order, 12/16/17, at 1 ¶2-3. By its nature, an order striking a default judgment is not a final order that disposes of the matter. Instead, such an order "annuls the original judgment and the parties are left as if no judgment had been entered." **Resolution Trust Corp. v. Copley Qu-Wayne Associates**, 683

A.2d 269, 273 (Pa. 1996).[6]  Despite the language of the trial court's order, we conclude that the December 26, 2017 order essentially *opened* the default judgment as it did not disturb the original liability judgment and, thus, we will treat it as an order granting the petition to open the judgment for the purpose of this appeal.

As the order clearly does not meet the criteria for finality outlined in Rule 341, nor is it a collateral order,[7] we must determine whether William Allen may take an interlocutory appeal from the order as of right.  The Official Note to Pa.R.A.P. 311(a)(1) clarifies that an order *granting* a motion to strike or open a judgment is not appealable as would be an order *denying* a motion to strike or open a judgment.  **See** Official Note to Pa.R.A.P. 311(a)(1) ("The 1989 amendment to subparagraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action.").  Thus, the trial court's December 26, 2017 order opening the October 10, 2010

---

[6] **See also United Parcel Service v. Hohider**, 954 A.2d 13, 16 (Pa. Super. 2008) (noting that an order granting a motion to strike a judgment anticipates further litigation, as it places the parties back in the position they were in prior to the entry of the judgment).

[7] A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Pa.R.A.P. 313(b).

default judgment is interlocutory and not appealable.[8]  Consequently, we must

quash William Allen's appeal at No. 300 EDA 2018 for lack of jurisdiction.

The order from which Allen Investments appeals, on the other hand, is

clearly an interlocutory order from which a party may appeal as of right.  **See**

Pa.R.A.P. 311(a)(1).  Thus, we now proceed to address the merits of the issue

raised by Allen Investments and remain mindful of the following:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure.  **Oswald v. WB Public Square Associates, LLC**, 80 A.3d 790, 793 (Pa. Super. 2013).  Issues regarding the operation of procedural rules of court present us with questions of law.  **Id.**  Therefore, "our standard of review is *de novo* and our scope of review is plenary."  **Id.**

> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record.  A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record."  **Midwest Financial Acceptance Corp. v. Lopez**, 78 A.3d 614, 622-23 (Pa. Super. 2013).  "[A] petition to strike is not a chance to review the merits of the allegations of a complaint.  Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief."  **Oswald**, *supra* at 794.  A fatal defect on the face of the record denies the prothonotary the authority to enter judgment.  **Erie Ins. Co. v. Bullard**, 839 A.2d 383, 388 (Pa. Super. 2003).   When a prothonotary enters judgment without authority, that judgment is void *ab initio*.  **Id.**  "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered."  **Cintas Corp. v. Lee's**

---

[8] Even if we were to consider the December 26, 2017 order as an order granting a motion to strike a default judgment, we would reach the same conclusion.  Rule 311(a)(1) clearly precludes appeals as of right from an order granting *either* a motion to open a judgment *or* a motion to strike a judgment.

*Cleaning Services, Inc.*, 549 Pa. 84, 90, 700 A.2d 915, 917 (1997).

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

*Green Acres Rehabilitation and Nursing Center v. Sullivan*, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (quoting *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1105 (Pa. Super. 1996)).

In contrast,

> [a] petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. … An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011).

"Generally speaking, [under Pennsylvania law,] a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing

to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-76 (Pa. Super. 2009). With regard to the first prong, whether the petition to open was timely filed, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.

***Id.*** at 176 (internal citations omitted).

Here, Allen Investments argues that the trial court erred in denying its petition to strike the default judgment on the grounds that the trial court lacked jurisdiction, which renders the judgment a nullity. ***See*** Brief of Allen Investments at 10. Allen Investments bases its lack-of-jurisdiction claim on its assertion that Digital failed to properly complete service of the underlying complaint in accordance with Pa.R.C.P. 403. The Pennsylvania Rules of Civil Procedure provide that when a defendant resides or is located outside the Commonwealth, the plaintiff may serve original process "by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 403. ***See also*** Pa.R.C.P. 404(2). Service is complete upon delivery of the mail. ***Id.*** Instantly, it is undisputed that the complaint was mailed to Allen Investments at 819 County Road 1, Palm Harbor, FL 34683, on August 20,

2010, which is evidenced by a certified mail receipt signed by "D.M. Thomas," an individual identifying herself on the receipt as an agent of Allen Invetsments. The parties dispute, however, whether D.M. Thomas is, in fact, a proper authorized agent of Allen Investments for the purpose of original process.[9]

In support of its denial of the petition to strike the judgment, the trial court opined:

> [Allen Investments] cannot allege a fatal defect or irregularity on the face of the record because [its] agent was properly served at its business address of 819 County Road 1, Palm Harbor, FL 34683 on August 20, 2010 (Affidavit of Service filed August 24, 2010). Pa.R.C.P. [] 404(2) controls in this matter because [Allen Investments] maintained an address outside the Commonwealth of Pennsylvania. Under [Rule] 404(2), "[o]riginal process shall be served outside the Commonwealth within ninety (90) days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof by mail in the manner provided by Rule 403." Under [Rule] 403[,] service by mail is complete upon delivery of the mail requesting a receipt signed by an authorized agent of the defendant. At the time of service, [Allen Investments] had been placed under receivership in Florida for fraudulent business activities. Denise Thomas, the individual whose signature appears on the [a]ffidavits of [s]ervice, was an agent of the receiver who was authorized to conduct [Allen Investments'] business functions in order to prevent future fraud and theft. Accordingly, Denise Thomas was an appropriate, authorized agent to accept service on behalf of [Allen Investments]. Therefore, because a valid [a]ffidavit of [s]ervice exists on the record, [Allen Investments] cannot allege a fatal defect or irregularity. Accordingly, this [c]ourt properly denied

---

[9] Allen Investments avers that D.M. Thomas was never authorized to accept original process on its behalf. *See* Brief of Allen Investments at 6.

- 11 -

[Allen Investments'] Petition to Strike Default Judgment and [its'] claim must fail.

TCO II at 3-4.

On appeal, Allen Investments argues that the trial court erred in basing its finding of proper service on a receivership order entered by a Florida court in an unrelated foreclosure action. *See* Brief of Allen Investments at 6-7, 14-15.[10] Pursuant to the receivership order dated June 1, 2010, Broderick & Associates, Inc. ("B&A") was appointed as receiver for the express purpose of collecting rents from tenants of the Florida properties. *Id.* at 7. The order does not reference Allen Investments, as it was not a party to the action. *Id.* at 6. It is undisputed that D.M. Thomas was an employee of B&A. *Id.* at 14. Allen Investments avers, however, that B&A was not authorized to accept service of original process in the present action and that service of the complaint on D.M. Thomas was, therefore, improper. *Id.*

It is well-settled that in considering the merits of a petition to strike, the court is limited to "a review of only the record as filed by the party in whose favor the warrant is given…. Matters *dehors* the record … will not be considered. If the record is self-sustaining, the judgment will not be stricken." *Resolution Trust Corp.*, 683 A.2d at 273. However, "if the truth of the

---

[10] The foreclosure action was brought by a lender against William Allen for breach of the terms of a loan secured by certain Florida properties owned by William Allen. *Id.* at 6 (citing *Shapiro v. Allen*, No. 09-012417 CI (Fla. 6th Cir. Ct. filed 2009)).

- 12 -

factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike." *Id.*

Based on the foregoing, we ascertain no fatal defect on the face of the record. *See Davis v. Walker*, 2017 WL 2290137 (Pa. Cmwlth., filed May 24, 2017)[11] (recognizing that any evidence to support the defendant's argument that the individual who signed the return receipt cards was not an authorized agent could not be considered in a motion to strike because any such evidence was outside the record). The *Davis* court based it finding on the opinion in *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269 (Pa. Super. 2005), in which we examined the limited inquiry that can be made by the trial court in reviewing a petition to strike a default judgment due to the failure of personal service.

> In that case, the plaintiff used Federal Express to deliver the complaint to one of the defendants at his Peruvian residence, with the "return receipt" stating that it was accepted at his residence by "Recept/Frnt desk." The defendant argued that a default judgment entered against him should have been stricken because personal service of the complaint was not made as the return receipt did not establish that it was signed by him or his authorized agent. In rejecting that argument, the Superior Court stated:
>
> > The record indicates, however, that the receptionist at the front desk of the Peruvian address signed for and accepted service of the complaint. [Pa.R.C.P.] 402(a)(2)(ii) permits acceptance of service "at the residence of the defendant to the clerk … of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides;" and

---

[11] "Unpublished memorandum opinions of the Commonwealth Court issued after January 15, 2008 may be cited for their persuasive value. *See* Pa.R.A.P. 3716(b)." *Dixon v. Northwestern Mutual*, 146 A.3d 780, 786 n.7 (Pa. Super. 2016).

> [Pa.R.C.P.] 402(a)(2)(iii) permits acceptance of service "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." The mission was defendant's residence and, most likely, his place of business. Although it is not clear that the receptionist at the front desk was the person who received mail on behalf of residents … there is equally no indication to the contrary, thus preventing us from concluding that there is a fatal defect on the fact of the record.

**Davis**, 2017 WL 2290137, at *3 (quoting **Aquilino**, 884 A.2d at 1283). Similarly, in the present case, the trial court was unable to consider Allen Investments' argument that D.M. Thomas was not an authorized agent in the context of its motion to strike the judgment, as such evidence was outside the record. Accordingly, we discern that the trial court properly denied the motion to strike.

The proper remedy, here, is to open the judgment, as the truth of the averments contained in the record is clearly in dispute. The trial court denied Allen Investments' motion to open the default judgment, however, on the following grounds:

> [Allen Investments] brought its motion seven (7) years after the entry of default judgment. [It] failed to adequately explain the delay[,] noting only that the default judgment was entered [in] March [of] 2011 [*sic*], and that Marc Allen, sole principal of [Allen Investments], spent three years in prison from 2012 to 2015. [Allen Investments] admitted that in 2015, when Marc Allen was released from prison, no steps were taken to address the default judgment until the present motion was filed on January 22, 2018. Therefore, [Allen Investments] failed to demonstrate that this petition to open default judgment was prompt and also failed to adequately explain the seven[-]year delay. In addition, [Allen Investments] has not even articulated a meritorious defense.

TCO II at 4-5 (citations to record and unnecessary capitalization omitted).

"Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 919 (Pa. 1997). "However, where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors." *Id.* As our Supreme Court explained,

> [i]f valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. In making this determination, a court can consider facts not before it at the time the judgment was entered. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment.

*Id.* (internal citations omitted). Based on the foregoing, we deem the trial court's failure to determine whether service of the complaint was proper prior to considering any other requisite factors regarding the opening of the judgment to be a clear error of law.[12] Under these circumstances, we conclude that the trial court erred in denying Allen Investments' petition to open the default judgment.

---

[12] The record indicates that the trial court failed to consider Allen Investments' lack of service argument presented at the June 18, 2018 hearing on its petition to strike/open the default judgment but, rather, focused primarily on the passage of time between the entry of the default judgment and the filing of the petition. N.T. Hearing, 6/18/18, at 4-16.

Accordingly, we affirm the trial court's order denying Allen Investments' motion to strike the default judgment. We further reverse the trial court's order denying Allen Investments' motion to open the default judgment and remand for further proceedings consistent with this memorandum.

Appeal at No. 300 EDA 2018 quashed. Appeal at No. 2286 EDA 2018 affirmed in part, reversed in part, and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/19