J-S17045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DALE K. LONGENECKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CECIL H. NEFF, III, J&S AUTO | : | |
| SALES, J&S GENERAL AUTO REPAIR, | : | |
| J&S AUTO REPAIR, AND L. BENJAMIN | : | No. 1574 MDA 2020 |
| WENGER | : | |
| | : | |
| | : | |
| APPEAL OF: CECIL H. NEFF, III AND | : | |
| J&S AUTO SALES | : | |

Appeal from the Order Entered November 13, 2020
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-20-04022

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 28, 2021**

Cecil H. Neff, III (Neff)[1] appeals from the order of the Court of Common

Pleas of Lancaster County (trial court) denying his petition to open the default

judgment entered against him in this action filed by Dale K. Longenecker

(Longenecker).   Longenecker  seeks  to  recover  money  he  alleges  was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although J&S General Auto Repair also appealed the trial court's order, the
default judgment was entered against Neff only.  (**See** Trial Court Opinion,
2/08/21, at 1 n.1; Neff's Brief, at 5 n.3).

wrongfully obtained from him by Neff in connection with Neff's service to his vehicle. We affirm.

**I.**

**A.**

We take the following background and procedural history from the certified record. Neff owns and operates J&S General Auto Repair. Longenecker owns a 2011 Toyota Camry and was 79 years old during the relevant time period. In January 2020, Longenecker brought his vehicle to Neff's automobile repair shop for a routine state inspection. He did not believe his vehicle was in need of any repairs at that time. However, Neff informed him that the engine and transmission needed to be replaced and charged $31,502.22 for the repair. Longenecker paid that amount in eight checks to gain release of his car. He claims that Neff never performed these extensive repairs to his vehicle and that the costs exceeded the then-average price of a brand new Toyota Camry.

On June 12, 2020, Longenecker filed a complaint against Neff asserting claims of fraud, negligent misrepresentation, rescission of contract, negligence, violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL),[2] conversion, unjust enrichment and civil conspiracy. An employee at Neff's automobile repair business accepted service of the

_____

[2] *See* 73 P.S. §§ 201-1.- 201-10.

complaint on July 1, 2020. The complaint was prefaced with a Notice to Defend advising Neff of the requirement to file a responsive pleading within 20 days and that a default judgment could be entered against him for failure to do so. **See** Pa.R.C.P. 1018.1. Neff did not respond to the complaint.

**B.**

On August 4, 2020, Longenecker filed a praecipe for entry of default judgment against Neff for failure to file a responsive pleading[3] and judgment was entered that day. Neff was provided with notice of entry of the default judgment via first-class mail on August 5, 2020. Longenecker then filed a motion to assess damages under the UTPCPL, including treble damages, costs and attorneys' fees.

Neff filed a petition to open the default judgment on September 2, 2020. The trial court, after considering multiple submissions by the parties regarding their respective positions, entered its order denying Neff's petition to open the default judgment on November 13, 2020. The court concluded that Neff did not timely file the petition to open nor did he provide a legitimate reason for failing to answer the complaint. (**See** Trial Ct. Op., at 3). Neff timely

---

[3] Longenecker averred in the praecipe that written notice of his intent to file for entry of default judgment was mailed to Neff on July 23, 2020, which was at least ten days prior to the filing in accordance with our rules of Civil Procedure. **See** Pa.R.C.P. 237.1(a)(2)(ii).

appealed. He and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).[4]

## II.

Neff contends that he timely filed the petition to open the default judgment and that he provided a justifiable excuse for not answering the complaint.[5] With regard to timeliness, Neff acknowledges that the notice of entry of the default judgment was mailed to him on August 5, 2020, and that he received it on or about August 7, 2020. Neff asserts that he encountered difficulty in retaining counsel because of the COVID-19 pandemic. Neff claims that he filed the petition as soon as he was able to engage counsel, who submitted it within one month of his receipt of the notice. Neff offers as his explanation for the delay in answering the complaint the difficult circumstances of the COVID-19 pandemic because attorney availability was limited. Neff maintains that he consulted or attempted to consult with at least

---

[4] "It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." *Myers v. Wells Fargo Bank*, *N.A.*, 986 A.2d 171, 175 (Pa. Super. 2009) (citation omitted).

[5] Neff also claims that the court abused its discretion in finding that he failed to provide a meritorious defense to the allegations in the complaint. (*See* Neff's Brief, at 17). However, the court plainly recognized that Neff did raise a meritorious defense in averring that he performed the paid-for repairs with Longenecker's consent. (*See* Trial Ct. Op., at 3, 5). This issue is, therefore, not in dispute.

ten attorneys regarding a defense to Longenecker's complaint and a possible bankruptcy action, and that he was initially unable to find counsel willing to represent him.

Pennsylvania Rule of Civil Procedure 237.3 governs the opening of default judgments and provides that a court must open the judgment where a party files a petition to open within ten days of its entry. *See* Pa.R.C.P. 237.3(b)(1). However, when the party fails to file a petition within ten days, he must meet the common-law standard for opening a default judgment. *See id.* at Explanatory Comment, Illustration 5. This standard provides that a default judgment may be opened if the moving party has 1) promptly filed a petition to open the default judgment; 2) provided a reasonable excuse or explanation for failing to file a responsive pleading; **and** 3) pleaded a meritorious defense to the allegations contained in the complaint. *See Myers*, *supra* at 175. The defendant must establish all three of these criteria in order for the trial court to open a default judgment based on the equities of the case. *See id.*

"The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received." *Digital Commc'ns Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 285 (Pa. Super. 2019) (citation omitted). The law does not establish a specific time frame within which a petition to open a judgment must be filed to qualify as timely. *See id.* Instead, a court must consider the length of time between

notice of the entry of the default judgment and the reason for the delay. *See id.* In cases where appellate courts have found a prompt and timely filing of the petition to open a default judgment, the period of delay has typically been less than one month. *See id.*

With regard to the second prong, "whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. 2009) (citation omitted). Our Court has addressed the question of legitimate excuse in the context of the party's explanation for failure to respond to the original complaint in a timely manner. *See id.*

Instantly, in concluding Neff did not promptly file the petition to open or provide a reasonable excuse for failing to file a response to the complaint, the trial court stated:

> [Neff] was provided notice of entry of judgment via first class mail on August 5, 2020. [He] did not file his petition to enter default judgment until September 2, 2020 — four weeks after receiving notice. [Neff] admits being aware of the complaint against him and aware of the default, but asserts he was unable to obtain legal counsel until September 2, 2020 and was therefore unable to file a petition sooner. [Neff] had adequate time from receiving notice of the default judgment to hire legal counsel to file a prompt petition to open the default judgment. Alternatively, [he] could have filed a petition himself. A four (4) week delay between notice of the entry of default judgment and filing of the petition to open was not prompt.
>
> *        *        *
>
> [Neff] states that in the twenty (20) days after the complaint was filed, he contacted at least six (6) attorneys to schedule a consultation regarding a possible bankruptcy matter

- 6 -

and the present litigation.[6] [Neff] argues that he was unable to secure representation during that time due to COVID-19 delays in scheduling consultations, and the unwillingness of the contacted attorneys to take on his case or unavailability of other attorneys that he contacted. [Neff's] failure to file a response to the complaint because he could not hire an attorney is not a justifiable excuse. [Neff] could have filed a response as an unrepresented party pending retaining counsel. Therefore [he] did not present a justifiable excuse to this court.

(Trial Ct. Op., at 4-5) (record citations omitted).

We find no abuse of discretion in this regard. Neff filed the petition to open 28 days after the default was entered and he admits to receiving notice well before the 20-day response period expired. While circumstances surrounding the COVID-19 pandemic may have contributed to his difficulty in finding representation, it does not explain why he did not take any action himself. Furthermore, Neff's argument indicates that he tied this litigation to a separate bankruptcy matter and that certain attorneys were unwilling to represent him. In sum, we agree with the trial court that Neff did not promptly file the petition to open, nor did he establish an excusable reason for failing to respond to the complaint.

---

[6] Neff's brief puts the number of lawyers at ten. (**See** Neff's Brief, at 20).

Order affirmed.

Judge Kunselman Joins the memorandum.

Judge Stabile Notes Dissent.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2021