J-S29031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ABC HOME SALES LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JIMMIE HARRISON AND TESSIE | : | |
| HARRISON | : | |
| | : | |
| | : | No. 364 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered January 7, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2014-06512

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 26, 2021**

Appellants, Jimmie Harrison and Tessie Harrison, appeal from the

January 7, 2021 order denying their petition to open default judgment entered

in favor of Appellee, ABC Home Sales LLC.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> On September 17, 2014, a complaint in assumpsit was
> filed by ABC Home Sales, LLC by and through its agent
> Pennwood Properties, Inc.  [] ABC Home Sales, LLC is
> a limited liability company while [] Pennwood
> Properties, Inc. is a corporation in Pennsylvania.
> Appellants were tenants of a manufactured home
> covered by a lease agreement with Appellees.  The
> term of the lease was for a period of seventeen
> months beginning on August 1, 2013 and ending on
> December 31, 2014.  Under the terms of the lease,

_____

[*] Former Justice specially assigned to the Superior Court.

Appellants were required to pay monthly rent on the first day of each month and failure to pay was considered default. Appellees[] allege in their complaint that Appellant[]s were served with a Notice of Default for their failure to pay rent in the amount of $27,450.00 and as a result were in breach of contract. Including late charges, the total amount owed to Appellees was $30,500.00.

On September 22, 2014, Appellants were served when a sheriff personally handed Appellant Jimmie Harrison the complaint.

On November 6, 2014, Appellees filed a praecipe to enter default judgment against Appellants in the amount of $30,500.00 for failure to file a response to the complaint. Attached to the praecipe was a certificate of service evidencing the required service of the Notice of Default by certified mail upon Appellants on October 16, 2014. On November 6, 2014, the Prothonotary, pursuant Pa.R.C.P. 236, gave written notice to Appellants of the entry of default judgment against them.

On September 23, 2019, Appellees filed a praecipe to revive judgment.

On June 26, 2020, Appellants filed a petition to open default judgment. On July 10, 2020, this Court issued a rule to show cause why the default judgment should not be opened. On July 13, 2020, Appellees filed an answer to the petition to open judgment.

On January 7, 2021, th[e trial c]ourt denied Appellants' petition to open default judgment. On February 5, 2021, Appellant[s] filed this current appeal to the Superior Court.

Trial court opinion, 4/8/21 at 1-2 (citations and parentheticals omitted).[1]

_____

[1] The record reflects that Appellants and the trial court have complied with Pa.R.A.P. 1925.

- 2 -

Appellants raise the following issues for our review:

1. Whether the trial court erred in denying Appellants' petition to open default judgment where the actual plaintiff, Pennwood Properties, Inc., was not in privity with Appellants nor did Appellants authorize this party to bring litigation against them[?]

2. Whether the trial court erred in denying Appellants' petition to open default judgment where no evidentiary hearing was held notwithstanding Appellants' allegations that there was no default on any promise to pay, never took possession of the mobile home, that the mobile home was purportedly acquired by another party and Appellants pursued due diligence in filing their petition to open default judgment[?]

3. Whether the trial court erred in denying Appellants' petition to open default judgement where Appellants met the standard for the granting of a petition to open a default judgment[?]

Appellants' brief at 4.

Our standard of review of a denial of a petition to open a default judgment is well settled:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011).

Appellants contend that the trial court erred in denying their petition to open default judgement because they satisfied the three-prong test for granting such a petition. (Appellant's brief at 13-15.) We disagree.

Pennsylvania Rule of Civil Procedure 237.3 governs the opening of default judgments and provides, in relevant part, that a court must open the judgment where a party files a petition to open within ten days of its entry. *See* Pa.R.C.P. 237.3(b)(1). However, where a party fails to file a petition to open within ten days after the entry of judgment, as is the case here, we apply the following three-prong test:

> [A] default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied.

*U.S. Bank National Association v. Watters*, 163 A.3d 1019, 1028 (Pa.Super. 2017) (citations and internal quotation marks omitted), *appeal denied*, 170 A.3d 973 (Pa. 2017).

Instantly, the trial court found that Appellants did not promptly file their petition to open the default judgment or provide a reasonable excuse or explanation for failing to respond to the complaint. *See* trial court opinion, 4/8/21 at 4.

This Court has recognized that "[t]he timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default

- 4 -

judgment is received." ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 285 (Pa.Super. 2019) (citation omitted). The law does not establish a specific time frame within which a petition to open a judgment must be filed to qualify as timely, but rather, directs the court consider the length of time between notice of the entry of the default judgment and the reason for the delay. ***Id.*** at 285-286.

Generally, "in cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been **less than one month**." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009) (citations omitted; emphasis added).

In the instant matter, default judgment was entered on November 6, 2014, and notice thereof was provided to Appellants on that same date. Appellants waited until June 26, 2020, more than 5½ years after the default judgment was entered against them, to file their petition to open. Accordingly, we agree with the trial court that that the delay in this case does not constitute a prompt filing, and therefore, we find no abuse of discretion on this basis.

Turning to the second prong, the trial court found that Appellants did not provide a reasonable excuse or explanation for failing to file a responsive pleading, stating as follows:

> [T]his [trial c]ourt found that Appellants failed to provide a reasonable explanation or delay that resulted in the entry of default judgment. In their petition, Appellants state that they "did not receive the complaint and were unaware of its existence." From a review of the docket, this statement is does

not rise to a reasonable explanation. On September 17, 2014, the complaint was filed. On September 22, 2014, the sheriff served Appellants pursuant Pa.R.C.P. 402(a)(1)(i) at [street address omitted], Newtown, Pennsylvania, and Appellant Jimmie Harrison was served. Even if Appellants' contention were true, that their son, Jimmie Harrison, Jr., were served instead of Appellant Jimmie Harrison, Sr., service was still proper because service was made upon an adult member of the family.

Trial court opinion, 4/8/21 at 4 (citation omitted).

We discern no abuse of discretion in the trial court's assessment. "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." **US Bank N.A.**, 982 A.2d at 995 (citation and internal bracket omitted). This Court has "addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." **Id.** (citation omitted).

Here, our review of the certified record supports the trial court's conclusion that the September 22, 2014 service of the complaint was proper under Rule 402(a),[2] a fact which Appellants acknowledge in their petition. **See**

_____

[2] Rule 402(a) provides, in relevant part, as follows:

    (a) Original process may be served

    (1) by handing a copy to the defendant; or

*(Footnote Continued Next Page)*

"Petition of [Appellants] to Open Default Judgment," 6/26/20 at ¶ 7 (stating, "[u]fortunately, while the record reflects good service on [Appellants]…."). Accordingly, the trial court did not err in concluding that Appellants failed to provide a reasonable excuse or explanation for not filing a responsive pleading.[3]

Appellants next argue that the trial court erred in denying their petition to open default judgment because Pennwood Properties, Inc. (hereinafter, "Pennwood") was not in privity with Appellants nor authorized to file a complaint on behalf of Appellee. (Appellant's brief at 9-10.) We disagree.

Pennsylvania Rule of Civil Procedure 2002 governs the prosecution of actions by real parties in interest and the exceptions thereto, and provides, in relevant part, as follows:

_____

               (2) by handing a copy

                         (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence[.]

Pa.R.Civ.P. 402(a).

[3] We note that the trial court opinion does not address whether Appellants satisfied the third prong, namely, whether they pled a meritorious defense to the allegations contained in the complaint. *See U.S. Bank National Association*, 163 A.3d at 1028. However, this Court has recognized that in situations where the first or second prongs are not satisfied, analysis of the third prong is unnecessary. *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 178 (Pa.Super. 2009) (noting that the trial court need not analyze the meritorious defense prong where the other prongs were not met).

    (a)    Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

    (b)    A plaintiff may sue in his or her own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

        (1)    is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

        (2)    is a person with whom or in whose name contract has been made for the benefit of another.

Pa.R.Civ.P. 2002(a), (b).

Instantly, our review of the record establishes that the complaint filed against Appellants in this matter was proper on its face and complied with the Pennsylvania Rules of Civil Procedure. Pursuant to Rule 2002(b)(1), Pennwood properly identified its representative capacity in both the caption and the body of the complaint. Specifically, the "Plaintiff" in this case was identified in the caption and initial paragraph of the complaint as "ABC Home Sales, LLC by and through its agent Pennwood Properties, Inc." *See* "Complaint," 9/17/14 at ¶ 1.

The record further reflects that the complaint was verified by "Linda Page, President of Pennwood Properties, Inc., agent of ABC Home Sales, LLC." *Id.* Moreover, Appellee-Plaintiff averred in paragraph 5 of the complaint that

"Pennwood Properties is the agent of Plaintiff and is duly authorized to collect rents, enforce the terms and conditions of the Lease and to bring suit to enforce violations of the same." *Id.* at ¶ 5.

Based on the foregoing, we find that Appellants' claim that Pennwood was not in privity with Appellants nor authorized to file a complaint on behalf of Appellee is meritless. Accordingly, Appellants' contention that their petition to open default judgment should have been granted on this basis must fail.

In their final claim, Appellants contend that the trial court's order denying their petition to open default judgment should be vacated because the trial court failed to conduct an evidentiary hearing on the matter. (Appellant's brief at 11-12.) Appellants, however, have cited no case law or other authority in support of their contention that the trial court is required to hold an evidentiary hearing before denying a petition to open a default judgment. Our courts have consistently held that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Renna v. PPL Elec. Utilities, Inc.*, 207 A.3d 355, 367 (Pa.Super. 2019) (citation omitted). Accordingly, we could find Appellants' claim waived on this basis alone.

In any event, we note that the Pennsylvania Rules of Civil Procedure governing petition practice does not mandate that the trial court hold an evidentiary hearing prior to ruling on a petition, but rather leaves it to the

discretion of the individual trial court. **See** Pa.R.Civ.P. 206.5(d), explanatory note (stating, "the court might prefer to hold a hearing to determine facts and suggests the substitution for paragraphs (4) and (5) of the order to allow for such a procedure. The court might also decide not to hold hearing or oral argument and decide the matter on briefs alone."). Therefore, we find Appellants' third issue to be both meritless and waived.

For all the foregoing reasons, we find no abuse of discretion on the part of the trial court in denying Appellants' petition to open the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021

- 10 -