J-A15040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW DUNLEAVY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE SECRETARY OF HOUSING AND | : | No. 1213 WDA 2021 |
| URBAN DEVELOPMENT | : | |
| v. | : | |
| | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| AS TRUSTEE FOR THE RAMC TRUST, | : | |
| SERIES 2016-CTT | : | |

Appeal from the Order Entered September 17, 2021
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  No. 4011 of 2020

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED: OCTOBER 19, 2022**

Matthew Dunleavy ("Dunleavy") appeals from the order granting the petition filed by U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank") to strike or open ("petition to strike") a default judgment that Dunleavy obtained in this quiet title action, and U.S. Bank's petition to intervene in the action.  We quash the appeal.

The trial court summarized the relevant factual and procedural history as follows:

> [Dunleavy] filed a complaint to quiet title on November 9, 2020 against the Secretary of Housing and Urban Development [("HUD")].  The complaint was reinstated on March 29, 2021. . . .  [Dunleavy] seeks to quiet title in relation to a reverse

mortgage executed and delivered to HUD on November 29, 2004[,] and recorded on December 6, 2004[,] by mortgagors Marian Salmon and Agnes M. Goodwin. [Dunleavy] alleged that the reverse mortgage was in fact satisfied and HUD merely failed to file the required statement of satisfaction.

HUD did not respond to the complaint to quiet title. As a result, [Dunleavy] filed a praecipe to enter default judgment on April 30, 2021. For reasons unknown to this court, the praecipe was filed on that date, but final judgment was not entered until a motion to enter final judgment was filed on June 4, 2021. Between the filing of the praecipe and the motion, [U.S. Bank] learned of the lawsuit and filed an answer and new matter on May 26, 2021[,] claiming to be the real party in interest to the reverse mortgage at issue in the case. [Dunleavy acknowledged receipt of U.S. Bank's answer and new matter and indicated to U.S. Bank's counsel he was amicable to a resolution]. No further action was taken in regards to this answer and new matter. According to U.S. Bank, this was because counsel believed through conversations with [Dunleavy] that a resolution was possible.

Upon learning of the June 4, 2021 order, U.S. Bank filed a [petition to strike]. The court entered an order granting the request on June 28, 2021 and struck the default judgment entered on June 4, 2021. After learning that U.S. Bank had also filed a petition to intervene, which had not been addressed, this court stayed both the June 4, 2021 default judgment and the June 28, 2021 order granting the petition to strike the judgment pending a hearing on U.S. Bank's petition to intervene.

Trial Court Opinion, 9/17/21, at 1-3 (unnecessary footnotes, citations, and capitalization omitted).

The trial court conducted a hearing on the petition to intervene on August 6, 2021. Thereafter, on September 17, 2021, the court entered an order reinstating the June 28, 2021 order striking the default judgment and granting U.S. Bank's petition to intervene. Dunleavy filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925. In this

- 2 -

Court, U.S. Bank has filed a motion to quash the appeal on the basis that the September 17, 2021 order is interlocutory and non-appealable. This Court denied U.S. Bank's motion without prejudice to re-raise the issue in its appellate brief.

Dunleavy raises the following issues for our review:

1. Whether this matter is properly before this Court as an appeal from a collateral order?

2. Whether the trial court erred as a matter of law or abused its discretion when it permitted U.S. Bank to intervene in this action after the trial court entered a final quiet title order in Dunleavy's favor despite the requirement that intervention occur "during the pendency of an action?"

3. Whether the trial court erred as a matter of law or abused its discretion by granting U.S. Bank's petition to open or strike Dunleavy's final judgment when U.S. Bank failed to file a petition to intervene before Dunleavy's final judgment was entered?

4. Whether the trial court erred as a matter of law or abused its discretion by granting U.S. Bank's petition to open or strike Dunleavy's final judgment when U.S. Bank sought to intervene after Dunleavy received a final judgment and when U.S. Bank failed to record the assignment of mortgage it received on the subject property until after Dunleavy filed his quiet title action regarding that property?

Dunleavy's Brief at 4-5.

In its appellate brief, U.S. Bank has re-raised the issue of whether the instant appeal should be quashed on the basis that the order appealed from is interlocutory and non-appealable. Generally, an appeal may only lie from a final order. *See* 42 Pa.C.S.A. § 742; *see also* Pa.R.A.P. 341(b)(1). Accordingly, before we may address Dunleavey's issues, we must first

- 3 -

determine whether the appeal is properly before this Court, as the question of the appealability of an order implicates our jurisdiction. *See Digital Communs. Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 283 (Pa. Super. 2019).

We first consider the portion of the order which granted U.S. Bank's petition to strike. An order granting a petition to strike or open is considered an interlocutory and non-appealable order. *See Digital Communs.*, 223 A.3d at 283 (holding that an order that strikes or opens a default judgment is not a final order that disposes of the matter because it annuls the original judgment, and the parties are left as if no judgment had been entered); *see also* Pa.R.A.P. 311 Note (explaining that the 1989 amendments to Rule 311 eliminated interlocutory appeals as of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action).

Here, the portion of the order which granted U.S. Bank's petition to strike the default judgment is interlocutory and non-appealable.[1] Therefore, given our lack of jurisdiction, we quash the appeal as it relates to the portion of the order granting the petition to strike.

---

[1] Dunleavy does not contest the motion to quash as it relates to his appeal of the portion of the order granting U.S. Bank's petition to strike. Thus, he implicitly concedes that this Court lacks jurisdiction over that portion of the order.

With respect to the portion of the order which granted U.S. Bank's petition to intervene, an order granting a petition to intervene is generally considered an interlocutory and non-appealable order. ***See In re Manley***, 451 A.2d 557, 559 (Pa. Super. 1982) (holding that an order granting intervention in an ongoing dispute is not a final appealable order); ***see also Step Plan Servs., Inc. v. Koresko***, 12 A.3d 401, 417 n.4 (Pa. Super. 2010) (holding that orders allowing intervenor status during ongoing disputes are ordinarily interlocutory and not immediately appealable).

However, the collateral order doctrine permits an appeal as of right from a non-final order which meets the criteria established in Pa.R.A.P. 313(b). Rule 313(b) permits an immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. ***See*** Pa.R.A.P. 313(b); ***see also Witt v. LaLonde,*** 762 A.2d 1109, 1110 (Pa. Super. 2000). To establish a collateral order, each of the three requirements must be clearly present. ***See J.S. v. Whetzel***, 860 A.2d 1112, 1117 (Pa. Super. 2004). In view of the general rule that only final orders are appealable, Rule 313 is to be narrowly interpreted in order to avoid piecemeal

determinations and protracted litigation. *See **Commonwealth v. Blystone***, 119 A.3d 306, 312 (Pa. 2015).

Regarding the first element of a collateral order, an order is separable if "it can be resolved without an analysis of the merits of the underlying dispute" or "it is 'entirely distinct' from the underlying issue in the case." *Id*. at 312. (quoting ***Commonwealth v. Williams***, 86 A.3d 771, 781 (Pa. 2014)). To an extent, claims subject to the order may share some interrelatedness to the main cause of action, but a claim subject to the order needs to be "conceptually distinct from the merits of plaintiff's claim." *Id*. at 312 (quoting ***Pridgen v. Parker Hannifin Corp.***, 905 A.2d 422, 433 (Pa. 2006)).

Dunleavy argues the portion of the order granting U.S. Bank's petition to intervene is immediately appealable as a collateral order pursuant to Rule 313(b). With respect to the first element of a collateral order, Dunleavy baldly asserts, without discussion or citation to pertinent authority, that U.S. Bank's petition to intervene is separable from and collateral to the quiet title action because it can be decided without evaluating the merits of the quiet title action. *See* Pa.R.A.P. 2119 (providing that appellate arguments shall include "such discussion and citation of authorities as are deemed pertinent").

Based on our review, we conclude that Dunleavy has not established that the order granting U.S. Bank's petition to intervene is separable from and collateral to the quiet title action. Dunleavy concedes that, prior to his reinstatement of the complaint, HUD assigned the reverse mortgage to U.S.

Bank. Dunleavy's Brief at 7. Dunleavy further concedes that U.S. Bank is the present mortgagee of the reverse mortgage encumbering the property and that he filed his praecipe to enter a default judgment after such the assignment to U.S. Bank had been recorded. *Id*. Nevertheless, without notice to U.S. Bank, Dunleavy obtained a default judgment against HUD, which had already assigned the reverse mortgage to U.S. Bank. As the default judgment was binding on all of HUD's assignees, including U.S. Bank, the question of whether U.S. Bank should be permitted to intervene cannot "be resolved without an analysis of the merits of the underlying dispute" and is not "entirely distinct" or separable from the quiet title action. *See Blystone*, 119 A.3d at 312 (quoting *Williams*, 86 A.3d at 781). Nor is the order granting the petition to intervene "conceptually distinct" from the merits of Dunleavy's claim. *Id*. Thus, Dunleavy has not established that the order satisfies the first element of a collateral order.[2]

_____

[2] In support of his claim that the portion of the order granting U.S. Bank's petition to intervene is a collateral order, Dunleavy compares this case to *In re J.S.*, 980 A.2d 117 (Pa. Super. 2009), wherein this Court addressed the question of whether an order granting foster parents' petition to intervene in a dependency proceeding satisfied the collateral order doctrine. In *In re J.S.*, this Court explained that "[u]nder the Juvenile Act, standing is a distinctly legal question that does not address the merits of the adjudication or the propriety of the permanency goal" and that "the issue of standing is so significant in dependency proceedings that Pennsylvania jurisprudence has developed case law specifically outlining the narrow class of participants that are entitled to standing in dependency proceedings." *Id*. at 121. Unlike *In re J.S.*, this matter is not a dependency proceeding, nor are the claims at issue subject to the Juvenile Act. Therefore, we conclude that *In re J.S.* is factually and legally inapposite.

As explained above, the failure to satisfy any element of the collateral order doctrine requires rejection of the claim. **See Whetzel**, 860 A.2d at 1117. Because Dunleavy has not established that the portion of the order granting U.S. Bank's petition to intervene satisfies the first element of the collateral order doctrine, we conclude that it is not appealable under Rule 313(b). Therefore, we quash the appeal as it relates to the portion of the order granting U.S. Bank's petition to intervene.

As this Court lacks jurisdiction to consider the instant appeal, we quash the appeal.

Appeal quashed.

Judge Kunselman joins in this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2022