**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| MORTGAGE ASSETS MANAGEMENT, LLC | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| LEROY WELLS, IN HIS CAPACITY AS HEIR OF JESSIE WELLS, AND UNKNOWN HEIRS, SUCCESSORS, ASSIGNS AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER JESSIE WELLS | : : : : : : : : : | No. 2206 EDA 2022 |
| APPEAL OF: LEROY WELLS, IN HIS CAPACITY AS HEIR OF JESSIE WELLS | : : | |

Appeal from the Order Entered July 25, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 191001142

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 27, 2023**

Appellant Leroy Wells appeals from the order entered by the Philadelphia Court of Common Pleas on July 25, 2022, denying Appellant's Petition to Open Default Judgment in this mortgage foreclosure action. After careful review, we affirm the order.

The relevant facts and procedural history are as follows. In June 2012, Jessie Wells executed a reverse mortgage, secured by real property located

---

* Retired Senior Judge assigned to the Superior Court.

at 128 E. Pleasant Street in Philadelphia. Jessie Wells died intestate in May 2019.

On October 14, 2019, Appellee filed the instant mortgage foreclosure action against Appellant, in his capacity as heir of Jessie Wells, and served Appellant personally on October 20, 2019.[1] In the Complaint, Appellee asserted that, under the terms of the mortgage, the entire balance became due upon the death of Jessie Wells. Appellee stated that it sent the requisite foreclosure notices to Appellant.

Although Appellant's counsel entered his appearance on July 1, 2020, Appellant did not respond to the Complaint. On December 31, 2021, Appellee sent notices of its intention to file default judgment pursuant to Pa.R.Civ.P. 237.1. On March 29, 2022, Appellee filed its praecipe for default judgment against Appellant.

Eighty days later, Appellant filed a counseled Petition to Open Default Judgment on June 17, 2022. The trial court denied the Petition on July 25, 2022. Appellant filed a Notice of Appeal on August 24, 2022. Subsequently, the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following question for our review: "Did the trial court err, abuse its discretion, and/or make a mistake and/or error of law when it denied[ Appellant's] Petition to Open and Strike a Judgment based on

---

[1] At the time of Jessie Well's death, Nationstar Mortgage held the mortgage. During the instant litigation, Nationstar Mortgage assigned the mortgage to Appellee Mortgage Assets Management. For ease of discussion, we refer to both Nationstar Mortgage and Mortgage Assets Management as "Appellee."

an Answer not being filed in response to [Appellee's] Complaint?" Appellant's Br. at 2. Appellant's phrasing of the question implies that he appeals both the denial of a petition to open and a petition to strike. Our review of the record, however, reveals that Appellant filed only a Petition to Open. [2]

"A petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). Thus, the decision to grant or deny the petition "is within the sound discretion of the trial court, and [appellate courts] will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.* (citation omitted).

A court may grant a petition to open default judgment only if the moving party demonstrates that it "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 285 (Pa. Super. 2019) (citation omitted). "The timeliness of a petition to open judgment is measured from the date that

_____

[2] The trial court in its Rule 1925(a) Opinion addressed Appellant's question as if he had filed a petition to strike. While our review indicates that Appellant did not file a petition to strike, we nevertheless agree with the trial court that Appellant failed to "identify any fatal error on the face of the record warranting striking default judgment." Tr. Ct. Op., 11/28/22, at 4; *see Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 284 (Pa. Super. 2019) (observing that a petition to strike requires demonstration of "a fatal defect or irregularity appearing on the face of the record") (citation omitted). Thus, even assuming Appellant's Petition could be interpreted to include a petition to strike, we would affirm its denial.

notice of the entry of the default judgment is received." ***U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009) (citations omitted). Pennsylvania appellate courts have interpreted "prompt filing" generally as requiring filing within one month of the default judgment. ***Id.***

In his Petition to Open Default Judgment, Appellant baldly asserted that the "petition has been promptly filed, a meritorious defense can be demonstrated, and the [Appellant's] prior failures are excusable." Petition, 6/17/22. While identifying the three requirements in the Petition, Appellant did not overtly address the requirements in his counselled supporting memorandum. Instead, Appellant asserted that his counsel had mistakenly failed to withdraw his appearance in the case despite informing Appellant in June 2021, that he would no longer represent Appellant. Appellant further averred that his counsel filed the instant petition soon after receiving a "letter in May 2022 informing him of the default judgment and the pending sale."[3] Appellant asked the court to grant his petition to open so that counsel could then withdraw his appearance and permit Appellant to seek new counsel or proceed *pro se*. Notably, Appellant did not identify his claimed "meritorious defense" nor explain the delay in filing a response to the Complaint.

Appellant's counselled argument to this Court fails to provide any additional substantive analysis and instead only nominally addresses the three

---

[3] Appellant's Memorandum of Law, 6/17/22.

requirements for a petition to open.[4] Appellant's Br. at 10. As such, Appellant fails to provide relevant legal analysis in violation of Pa.R.A.P. 2119.

In contrast, the trial court fully supported its conclusion that Appellant failed to meet the three requirements for a petition to open. Addressing the promptness requirement, the court noted that a petition filed over a month after default judgment is "presumptively untimely." Tr. Ct. Op., 11/28/22, at 5. As Appellant filed his petition eighty days after default judgment, the court concluded that Appellant did not file his petition promptly. Second, the court opined that Appellant's reliance on his counsel's failure to withdraw his representation did "not amount to a reasonable excuse or explanation for failing to file a responsive pleading." *Id.* at 6. Finally, the court observed that while Appellant claimed that he could "demonstrate a meritorious defense," he did not identify the defense, nor did he attach a responsive pleading. *Id.*

Upon careful review of the record, we conclude that the trial court did not abuse its discretion by denying the Petition to Open Default Judgment as Appellant failed to meet any of the requirements for a petition to open. Accordingly, we affirm the order denying Appellant's Petition to Open Default Judgment.

---

[4] For example, Appellant asserts that he "has a meritorious defense as he disputes the amount owed" on the mortgage. *Id.* at 6. He fails, however, to identify either the nature of the dispute or where he preserved this issue before the trial court. *Id.* at 6.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  October 27, 2023