J-S31028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHANTELL ALSTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD JOSEPH PROPERTIES, LLC, | : | |
| TODD JOSEPH, AND TODD J. | : | |
| FENSTERMACHER A/K/A TODD | : | No. 2851 EDA 2024 |
| JOSEPH FENSTERMACHER, LET OUT, | : | |
| INC., ABC COMPANIES 1-4, JOHN | : | |
| DOE 1-4, ABC COMPANIES 1-4 | : | |
| | : | |
| | : | |
| APPEAL OF: TODD JOSEPH | : | |
| PROPERTIES, LLC, TODD JOSEPH, | : | |
| AND TODD J. FENSTERMACHER | : | |
| A/K/A TODD JOSEPH | : | |
| FENSTERMACHER | | |

Appeal from the Order Entered September 25, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230803114

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 5, 2025**

Todd Joseph Properties, LLC (the "LLC"), Todd Joseph ("Mr. Joseph"), and Todd J. Fenstermacher a/k/a Todd Joseph Fenstermacher (collectively, "Appellants") appeal from the September 25, 2024 order denying Appellants' petition to strike or open the default judgment entered in favor of Chantell Alston ("Appellee"), in this premises liability action.  After careful review, we affirm.

The relevant facts and procedural history are as follows. On August 30, 2023, Appellee filed a complaint in which she claimed she was injured after slipping on a rug at the front door of an event complex owned by Appellants. According to the Philadelphia County Sheriff's return of service, the sheriff served the complaint on Appellants on November 17, 2023, at 7:35 AM at 713 Broad Acres Road, Narberth, PA 19072 (the "Narberth address").

Appellants failed to file an answer to the complaint. Consequently, on February 27, 2024, Appellee mailed a 10-day notice of intent to take a default judgment to Appellants, at the Narberth address. On March 26, 2024, Appellee filed a *praecipe* to enter default judgment.

More than five months later, on August 2, 2024, Appellants filed a petition to strike or open the default judgment in which they claimed that neither Mr. Joseph nor the LLC were ever served with the complaint. Appellants asserted Mr. Joseph was not at the Narberth address on November 17, 2023, and, thus, that the affidavits of service reflecting service of the complaint on both Mr. Joseph and the LLC at the Narberth address were inaccurate. Appellants claimed that Mr. Joseph has not lived at the Narberth address since 2021, that Mr. Joseph does not operate an LLC office from the Narberth address, and that no agents or employees of Mr. Joseph live at the Narberth address. Appellants further claimed that the Narberth address was vacant on November 17, 2023.

With respect to Appellants' petition to open the default judgment, they asserted the purportedly meritorious defense that they were not operating the

premises at which Appellee contends she was injured on the date of the alleged accident and that Appellee failed to provide any evidence that she suffered any harm or damages.

The trial court held a hearing on Appellants' petition to strike or open at which Mr. Joseph testified. The trial court, in its Pa.R.A.P, 1925(a) opinion, set forth a comprehensive summary of Mr. Joseph's testimony, which we adopt for purposes of this appeal. *See* Trial Ct. Op., 2/4/25, at 3-7. Briefly, Mr. Joseph testified that his counsel made him aware of this matter two weeks prior to the hearing. Mr. Joseph explained that he owns approximately twenty properties either in his own name or in the name of one of the numerous LLCs owned by him. He reasserted his position that he was not present at Narberth address on the date the sheriff served the complaint. He explained that three houses shared the driveway used by the Narberth address and speculated that an elderly visitor to one of the neighboring homes received and signed for the complaint. Mr. Joseph did not offer any evidence to support this theory. On cross-examination, Mr. Joseph testified that, after learning of the lawsuit, it would have been "ridiculous" for him to ask his neighbors if any of them had accepted service of the complaint and signed his name. N.T., 9/23/24, at 36. Mr. Joseph offered no testimony regarding a purportedly meritorious defense to Appellee's claims and, in fact, conceded that he had no idea what Appellee had asserted in her complaint.

On September 25, 2024, the trial court denied Appellants' petition to open or strike the default judgment. Characterizing Mr. Joseph as a "very

experienced real estate investor," the court explained that it found his testimony not credible because it was "replete with finger pointing, inconsistencies, speculation based on his credulous 'expert opinion' and woefully uncorroborated arguments." Trial Ct. Op at 3.

This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. Was it an abuse of discretion or error of law to deny [Appellants'] petition to open or strike the default judgment where [Appellants] demonstrated at the hearing on September 23, 20[2]4, and pursuant to said petition[,] that the judgment should be stricken for improper service of original process of the underlying complaint upon [Appellants], demonstrating that the court lacked jurisdiction over [Appellants]?

2. Was it an abuse of discretion or error of law to deny [Appellants'] petition to open or strike the default judgment where [Appellants] demonstrated at the hearing on September 23, 2024, and pursuant to said petition[,] that the judgment should be stricken for [improper] service of the ten-day notice upon [Appellants], demonstrating that the court lacked jurisdiction over [Appellants]?

3. Was it an abuse of discretion or error of law to deny [Appellants'] petition to open or strike the default judgment where [Appellants] demonstrated at the hearing on September 23, 2024, and pursuant to said petition[,] that the judgment should be opened for improper service of original process of the underlying complaint upon [Appellants], demonstrating that the court lacked jurisdiction over [Appellants]?

4. Was it an abuse of discretion or error of law to deny [Appellants'] petition to open or strike the default judgment where [Appellants] demonstrated at the hearing on September 23, 2024, and pursuant to said petition[,] that the judgment should be stricken for [improper] service of the ten-day notice

upon [Appellants], demonstrating that the court lacked jurisdiction over [Appellants]?[1]

Appellants' Brief at 5 (unnecessary capitalization omitted).

**\*\*\***

In Appellants' first two issues, they challenge the denial of their petition to strike the default judgment entered in Appellee's favor.[2]

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record [and] may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Digit. Commc'ns Warehouse, Inc. v. Allen Invs., LLC***, 223 A.3d 278, 284 (Pa. Super. 2019) (citation omitted). "A fatal defect on the face of the record denies the prothonotary the authority to enter judgment." ***Id.*** at 285. When considering whether to grant a petition to strike judgment, "a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 917 (Pa. 1997). When the moving party challenges the validity of service, as in the instant case, the court must consider that issue first, because without proper service the court has neither

_____

[1] This question is duplicative of Appellants' second question.

[2] We observe that, in their statement of questions involved, Appellants presented two separate questions raising two separate challenges to the denial of their petition to strike the default judgment. Appellants have, however, consolidated their questions into one section of argument in contravention of our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a) (requiring that "[t]he argument shall be divided into as many parts as there are questions to be argued"). Notwithstanding Appellants' violation of Rule 2119(a), we decline to find Appellant's claims waived as this violation has not hampered our ability to conduct appellate review.

jurisdiction over the defendant nor the authority to enter judgment against the defendant. *Id.* at 919. "In making this determination, a court can consider facts not before it at the time the judgment was entered." *Id.*

As a petition to strike presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Digital Commc'ns Warehouse*, 223 A.3d at 284 (citation omitted).

Appellants contend that the trial court should have granted its petition to strike the default judgment due to defective service because Appellee never served Appellants with the complaint and the 10-day notice of intent to take a default judgment "shows no indication whatsoever that Appellants [were] actually ever served at their home or place of business." Appellant's Brief at 10-11. Appellants reassert the claim raised in the trial court that the record shows only that Appellee sent the 10-day notice to the Narberth address where Appellants "had no agents, managers, businesses, or primary residence." *Id.* at 11.

Service of process by the sheriff is presumptively valid. *See Grady v. Nelson*, 286 A.3d 259, 265 (Pa. Super. 2022) ("[I]n the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence.") (citing *Hollinger v. Hollinger*, 206 A.2d 1, 3 (Pa. 1965)). "Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our

judgment for that of the factfinder." ***Ruthrauff, Inc. v. Ravin, Inc.***, 914 A.2d 880, 888 (Pa. Super. 2006) (citation and quotation marks omitted).

Instantly, Appellants' only claim in support of their petition to strike the judgment is that, contrary to the information provided on the sheriff's return of service, Mr. Joseph was not the person to whom the sheriff served the complaint because he was not at the Narberth address on the date in question. Appellants theorize that an unknown visitor to the home located next to the Narberth address received service of process of this lawsuit on Mr. Joseph's behalf but never notified Mr. Joseph. Appellants' only evidence in support of this theory was Mr. Joseph's self-serving testimony, which the trial court found not credible. In particular, the trial court opined

> [o]n balance, and the [c]ourt taking into account all required considerations, Appellant[s] simply did not present a credible case for striking [] the [d]efault [j]udgment. Appellant[s'] blame shifting, uncorroborated as to time and place theories[,] and overall demeanor during the hearing were unconvincing to the [c]ourt. What is clear from the evidence and docket is that deputized service of process was made at an address attributable to Appellant[s], as was the ten-day notice. Any attempts by [Mr. Joseph] to avoid service in his business dealings are simply unsuccessful in this case.

Trial Ct. Op. at 7.

Following our review, we conclude that no fatal defect exists on the face of the record which would operate to deny the prothonotary authority to enter the default judgment against Appellants. The record reflects service by the sheriff of the complaint on Mr. Joseph at the Narberth address and Appellants' have not offered any evidence to support their claim that anyone other than

Mr. Joseph accepted service on his behalf. Accordingly, the trial court did not err in denying Appellants' petition to strike the default judgment.

**\*\*\***

In Appellants' third issue, they contend that the trial court abused its discretion in denying their petition to open the default judgment.[3] Appellant's Brief at 12-14.

"A petition to open a default judgment is an appeal to the equitable powers of the court." ***Smith v. Morrell Beer Distribs., Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). Thus, the decision to grant or deny the petition "is within the sound discretion of the trial court, and [appellate courts] will not overturn that decision absent a manifest abuse of discretion or error of law." ***Id.*** (citation omitted). We reiterate that "[i]ssues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder." ***Ruthrauff***, 914 A.2d at 888 (citation omitted).

A court may grant a petition to open default judgment only if the moving party demonstrates that it "(1) promptly filed a petition to open the default

---

[3] In the argument section of their brief corresponding with issue three, Appellants indicate that they intend that argument to correspond with the third and fourth issues raised in their statement of questions presented. However, as noted above in footnote 1 of this memorandum, Appellants' fourth issue challenged the trial court's refusal to strike—not to open—the default judgment. We thus, confine our analysis to the issue raised in the third issue raised in Appellants' statement of questions involved pertaining to the court's refusal to open the default judgment.

judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Digit. Commc'ns Warehouse*, 223 A.3d at 285 (citation omitted).

Appellants contend that Mr. Joseph's testimony—that he did not know of the lawsuit because he was not served with the complaint and that his neighbors may have received the complaint instead—constituted a "legitimate excuse for not filing a response prior to the entry of the default judgment." Appellants' Brief at 13. They argue that they set forth a meritorious defense to Appellee's claims by averring that Mr. Joseph was "only the landlord and had no control over the premises which was being lease[d] out by [c]o-[d]efendant, and he was out of possession and that he did not know [Appellee.]" *Id.* at 14.

As explained above, the trial court did not credit Mr. Joseph's testimony that he did not receive service of the complaint. We cannot and will not reexamine the trial court's credibility determinations and substitute our judgment for that of the trial court. Thus, we conclude that the trial court did not abuse its discretion in denying Appellants' petition to open the default judgment after finding that Appellants did not provide a reasonable excuse or explanation for failing to file a timely response to Appellees' complaint. Appellants are, therefore, not entitled to relief on their claims.

Order affirmed. We direct the parties to attach a copy of the trial court's February 4, 2025 opinion to all future filings.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/5/2025</u>

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| ALSTON<br>*Appellee*<br><br>v.<br><br>TODD JOSEPH PROPERTIES, LLC,<br>et. al.<br>*Appellants/Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>AUGUST TERM, 2023<br>NO. 3114<br><br>SUPERIOR COURT OF PENNSYLVANIA<br>2581 EDA 2024 |

## OPINION

G. BRIGHT, J.

Appellee (Plaintiff Chantel Alston) sued Todd Joseph Properties, LLC, Todd Joseph, and

Todd J. Fenstermacher a/k/a Todd Joseph Fenstermacher, (collectively the Defendants, and

hereinafter Appellants), and Defendant, The Let Out Inc. d/b/a TLO Event Complex for injuries

Appellee claims were sustained after slipping on a rug at the front door of the event complex at

1621 Cecil B. Moore Avenue in Philadelphia, PA. This appeal follows the denial of Appellant's

Motion to Strike/Open Default Judgment.

### FACTUAL/PROCEDURAL SUMMARY

This lawsuit was initiated by Complaint on August 30, 2023. According to the Sheriff's

Return of Service – Philadelphia County,[1] service of the Complaint was made upon Appellants

to Todd Fenstermacher/PIC on November 17, 2023, at 7:35 A.M. at 713 Broad Acres Road,

Narberth, PA, 19072.

Upon failure to answer the Complaint, Appellee moved for Default Judgment against

Appellants which was granted on March 26, 2024. Ten Day Notice was mailed to Appellants on

OPFLD-Alston Vs Todd Joseph Properties, Llc Etal [SHJ]

---

[1] A copy of the Sheriff's Affidavit is attached.

1



23080311400078

February 27, 2024, to the Broad Acres Road address. Appellants Motion to Strike/Open Judgment was not filed until August 2, 2024. A hearing on the Motion was held on September 23, 2024, followed by the denial of the Motion on September 25, 2024. Appellant filed this Appeal on October 22, 2024 and complied with this Court's 1925(b) Order on November 27, 2024.

## ISSUES

Appellants' Concise Statement of errors against this Court states as follows:

1. It was an abuse of discretion and error of law to deny the Defendants' Petition to Open or Strike the Default Judgment where Defendants demonstrated at the hearing on September 23, 2024, and pursuant to said petition that the judgment should be stricken for improper service of original process of the underlying complaint upon Defendants, demonstrating that the court lacked jurisdiction over the Defendants.

2. It was an abuse of discretion and error of law to deny the Defendants' Petition to Open or Strike the Default Judgment where Defendants demonstrated at the hearing on September 23, 2024, and pursuant to said petition that the judgment should be stricken for improper service of the Ten-Day Notice upon Defendants, demonstrating that the court lacked jurisdiction over the Defendants.

3. It was an abuse of discretion and error of law to deny the Defendants' Petition to Open or Strike the Default Judgment where Defendants demonstrated at the hearing on September 23, 2024, and pursuant to said petition that the judgment should be opened for improper service or original process of the underlying complaint upon Defendants, demonstrating that the court lacked jurisdiction over the Defendants, and where the Defendants had meritorious defenses.

4. It was an abuse of discretion and error of law to deny the Defendants' Petition to Open or Strike the Default Judgment, where Defendants demonstrated at the hearing on September 23, 2024, and pursuant to said petition that the judgment should be opened for improper service of the Ten Day Notice upon Defendants, demonstrating that the court lacked jurisdiction, and where the Defendants had meritorious defenses.

2

# DISCUSSION

Appellants claims that the Court abused its discretion and erred in denying Appellants Petition to Open or Strike Default Judgment. At the outset, lack of credibility on the part of Appellant is key to this Court's determination. Appellant failed to credibly support his claims as to why the default judgment should be stricken or opened. Appellant's (a very experienced real estate investor) testimony at the Motion's hearing was replete with finger pointing, inconsistencies, speculation based on his credulous "expert opinion" and woefully, uncorroborated arguments. No error was committed.

The Superior Court of Pennsylvania stated the differences between a Petition to Strike Default Judgment and a Petition to Open Default Judgment as follows:

> A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable. A petition to strike a [default] judgment operates as a demurrer to the record. As such it is not a matter calling for the exercise of discretion. A petition to strike a [default] judgment may be granted only where a fatal defect in the judgment appears on the face of the record. A judgment cannot be stricken when the record is self-sustaining.
> The standard of review for challenges to a decision concerning the opening of a default judgment is well settled. A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Graziani v. Randolph*, 856 A.2d 1212, 1223 (Pa. Super. 2004).

At the September 23, 2024, hearing, Appellants presented several arguments as to why default judgment should be opened or stricken. It is reiterated, Appellant's testimony and arguments lacked credibility. Appellant's arguments ranged from mails being delivered to unknown possible guests at a neighbor's home, his name changes, owning numerous properties

3

under different names and LLCs, being at different addresses, and changes of address with government authorities that did not update information in a timely manner. N.T. 9/23/24 at 25-27.[2]

Appellant Todd Joseph's birth name was Todd Joseph Fenstermacher. *Id.*, at 15. The name was legally changed twenty to twenty-five years ago to Todd Joseph. *Id.*, at 15-16. Fifteen years ago, Appellant lived at 2034 Green Street, Apartment 4, Philadelphia, PA 19130. *Id.*, at 16. Thereafter, from 2017 to 2021, Appellant lived at 713 Broad Acres Road, Narberth, PA 19072. *Id.*, at 18, 22. Appellant remains the owner of the Broad Acres Road property, which as of February 7, 2024, was leased. *Id.*, at 19. Since 2021, Appellant's primary residence has been 11364 Konneyaut Trail Extension, Conneaut Lake, PA, 16316. *Id.*, at 18-19, 31.

The property that is the subject of this lawsuit, 1621 through 1627 Cecil B. Moore Avenue is owned under the same Todd Joseph Properties, LLC, which until some point in time had a mailing address with the City of Philadelphia as 20234 Green Street, Philadelphia. *Id.*, at 38-39, 45-46.[3] The subject property is one of many owned by Appellant in one of his names, or by LLC's created by him.

According to Appellant "I have many LLCs, many, 13, 14 LLCs that I put different properties into…Each entity I try to put in a separate LLC." *Id.*, at 48. Fifteen properties are owned under LLCs. *Id.*, at 49. When asked: Q. "Did you put those properties under those 15 other LLCs to avoid service of process, to avoid liability claims, things of that nature," Appellant's response was "Obviously." *Id.*[4] As to properties under the name Todd Joseph

---

[2] N.T. refers to the Notes of Testimony from the motion hearing held before the Honorable Gwendolyn Bright on September 23, 2024. The page number referenced follows the date.
[3] The Cecil B. Moore property was purchased by Appellant while he lived on Green Street in 2012. *Id.*, at 46.
[4] On redirect Appellant's counsel sought clarification on the "obviously" response to limit the response to personal liability. However, in the Court's view the initial query and response was pretty straightforward.

4

Properties, there are two; and under Todd Joseph, two or three. *Id.*, at 31. Appellant's former residence on Broad Acres, and current one on Conneaut Lake are under Todd Joseph. *Id.* The Green Street property where Appellant once lived is also owned under the name Todd Joseph. *Id.*, at 47.

The credible evidence established that Appellant was served the instant Complaint on November 17, 2023, at his property located at 719 broad Acres Road, Narberth, PA 19072 by Sheriff's service.[5] Appellant claims he was not present on that date to accept service and speculates that service may have been made on an elderly guest at the home of his neighbor, Chicago Bears Coach Maurice Cheeks (Appellant and Cheeks shared a driveway). *Id.*, at 25-27, 25. Appellant testified at great length, without corroboration, that he and Coach Cheeks often had mail and other delivery-related mix-ups, that he and the Coach talked all the time,[6] and that when there were mix-ups, they would notify each other. *Id.*, at 25-27, 52-53. It was incredible to this Court, given the scenario painted by Appellant, that if service had, arguendo, been made to the neighbor, that Appellant would not have been notified.

Appellant testified to a detailed, speculative account of what in his non-expert, "expert" opinion happened, *Id.*, at 27:

> In my expert, honest opinion, she (the server) went to the wrong house put
>
> the mail there. Maybe Maurice had a guest I'm not sure. I would guarantee
>
> that's what happened.

Appellant never inquired as to whether Coach Cheeks was present or had a guest at his home on the date in question. *Id.*, at 29.

---

[5] *See*, Affidavit of Service attached hereto.
[6] Yet, later in his testimony Appellant contradicts himself saying he and Cheeks had not seen each other in years, and he did not know if Cheeks knew he had moved. *Id.*, at 53-54.

5

Appellant argued that all of his contact information, as to properties, owned "the four to five that are still in my name, the City of Philadelphia has my new address which is 11364 Konneyaut Trail Extension." *Id.*, at 35-36. In response Appellee produced a printout from the City of Philadelphia's tax payment website (OPA website) that did not show the Konneyaut address. Appellant countered with a cell phone screen view of the new address. The cell phone screen view did not show when or verify that the address change occurred during the time frame of the Complaint Service or ten-day notice. *Id.*, at 55-58. The view of the City website in Appellant's phone, only reflected the day of the view, the hearing date September 23, 2024. *Id.* Appellant could not give a clear answer as to when he notified the City and blamed the City for being "very slow when it comes to things like this." *Id.*, at 39.

Regarding post office change of address, Appellant offered combative, somewhat evasive and unconvincing testimony. Ultimately, Appellant laid any blame for confusion regarding names and addresses on the postal service. *Id.*, at 67.

Finally, Appellant's testimony is concluded with representation that: two or three properties are owned under the name Todd Joseph individually; two or three under the name Todd Joseph properties, LLC; and others, owned under LLCs. *Id.*, at 68. Appellant claims they all have the same address, 11364 Konneyaut Trial Extension, Conneaut Lake, PA, 16316. However, Appellant failed to provide credible evidence as to when the address was officially changed, whether the changed address was documented at the time of Complaint service, or the ten-day notice.

Default Judgment was entered against Appellant on March 26, 2024. Appellant's Motion to Strike/Open was filed some four months later on August 2, 2024. According to Appellant, he learned of the Default two weeks prior to the Motion's filing from his attorney of five years who

represented him on numerous projects. *Id.*, at 61. That, in and of itself appears contrived coming from a savvy real estate investor in the Philadelphia area of twenty-five years. *Id.*, at 50. It also appears Appellant is hands on with his involvement with his properties. Appellant continues to own the Broad Acres property where Complaint service and the ten-day notice was served. As recently as February 17, 2024, the property was leased with tenancy to begin March 1, 2024. *Id.*, at 19.

On balance, and the Court taking into account all required considerations, Appellant simply did not present a credible case for striking and/or opening the Default Judgment. Appellant's blame shifting, uncorroborated as to time and place theories and overall demeanor during the hearing were unconvincing to the Court. What is clear from the evidence and docket is that deputized service of process was made at an address attributable to Appellant, as was the ten-day notice. Any attempts by Appellant to avoid service in his business dealings are simply unsuccessful in this instant case.

## CONCLUSION

This Court did not err in denying Appellants' Petition to Open or Strike Default Judgment. No relief is due to Appellant.

**BY THE COURT:**

DATE: 2/3/25

_____
GWENDOLYN N. BRIGHT, J.

7

C.P. 66-1/2

# SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.
(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

COURT TERM AND NUMBER

230803114

Filed and Attested by the Office of Judicial Records 28 NOV 2023 01:09 pm G. GILLIAM

## TO BE COMPLETED BY ATTORNEY

PLAINTIFF

Chantell Alston

DEFENDANT(S)

Todd Joseph Properties LLC, et al

SERVE AT

Todd Joseph Properties LLC, 713 Broad Acres Rd Penn Valley, PA 19072

SPECIAL INSTRUCTIONS

SHERIFF'S NUMBER

COST

DISTRICT

☐ Summons    ☒ Complaint

☐ Other: _____

TYPE OF ACTION

Civil Action

LAST DAY FOR SERVICE: _____

## TO BE COMPLETED BY SHERIFF

Served and made known to TODD JOSEPH Properties LLC, et al, Defendant(s) on the 17 day of NOVEMBER, 20 23, at 0735 o'clock A.M. at AS GIVEN Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☒ _____ and officer of said Defendant company.
☒ Other TODD FENSTERMACHER / PIC

SHERIFF JEWELL WILLIAMS

By Colleen McCrane #1643
Deputy Sheriff

On the _____ day of _____, 20 _____, at _____ o'clock _____.M. Defendant not found because:

☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other: _____

SHERIFF JEWELL WILLIAMS

By _____
Deputy Sheriff

## DEPUTIZED SERVICE

Now, the _____ day of _____, 20 _____, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this ☐ Summons ☐ Complaint ☐ Other: _____ and make return thereof and according to Law.

SHERIFF JEWELL WILLIAMS

By _____
Deputy Sheriff

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|
| Name David B. Sherman, Esquire | |
| Address 1628 JFK Boulevard, Suite 2200, Philadelphia, PA 19103 | |
| Telephone Number (215) 665-1100 | A T T E S T |
| Identification Number 36437 | |
| Represents: | PRO PROTHONOTARY |
| ☒ Plaintiff(s) Chantell Alston | |
| ☐ Defendant(s) _____ | |
| ☐ Other _____ | DATE |

5-21 (Rev. 7/00)

11/15/23 @ 850 CM

PROTHONOTARY'S COPY

Case ID: 230803114

C.P. 66-1/2

# SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.

(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

**# 230009141** 2 of 4

COURT TERM AND NUMBER

230803114

SHERIFF'S NUMBER

## TO BE COMPLETED BY ATTORNEY

**PLAINTIFF**

Chantell Alston

**DEFENDANT(S)**

Todd Joseph Properties LLC, et al

**SERVE AT**

Todd Joseph, 713 Broad Acres Rd Penn Valley, PA 19072

**SPECIAL INSTRUCTIONS**

LAST DAY FOR SERVICE: 11/30/23

COST

MILEAGE

DISTRICT

☐ Summons    ☒ Complaint

☐ Other: _____

TYPE OF ACTION

Civil Action

## TO BE COMPLETED BY SHERIFF

Served and made known to TODD JOSEPH Properties LLC, et al , Defendant(s) on the 17 day of NOVEMBER , 20 23 , at 0735 o'clock A.M. at AS GIVEN Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ _____ and officer of said Defendant company.
☒ Other TODD FENSTERMACHER / PIC

SHERIFF JEWELL WILLIAMS

By Colleen McCrane #1043

*Deputy Sheriff*

On the _____ day of _____, 20____, at _____ o'clock ____.M. Defendant not found because:

☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other: _____

SHERIFF JEWELL WILLIAMS

By _____

*Deputy Sheriff*

## DEPUTIZED SERVICE

Now, the _____ day of _____, 20____, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this ☐ Summons ☐ Complaint ☐ Other: _____ and make return thereof and according to Law.

SHERIFF JEWELL WILLIAMS

By _____

*Deputy Sheriff*

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|
| Name David B. Sherman, Esquire | |
| Address 1628 JFK Boulevard, Suite 2200, Philadelphia, PA 19103 | |
| Telephone Number (215) 665-1100 | A T T E S T |
| Identification Number 36437 | PRO PROTHONOTARY |
| Represents: ☒ Plaintiff(s) Chantell Alston  ☐ Defendant(s) _____  ☐ Other _____ | DATE |

5-21 (Rev. 7/00)

11/15/23 850 cm

PROTHONOTARY'S COPY

Case ID: 230803114

C.P. 66-1/2

# SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.

(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

**# 230091N1 3-4**

**COURT TERM AND NUMBER**

230803114

**SHERIFF'S NUMBER**

### TO BE COMPLETED BY ATTORNEY

**PLAINTIFF**

Chantell Alston

| COST | MILEAGE |
|---|---|

**DEFENDANT(S)**

Todd Joseph Properties LLC, et al

**DISTRICT**

☐ Summons   ☒ Complaint
☐ Other: _____

**SERVE AT**

Todd J Fenstermacher aka Todd Joseph Fenstermacher at

**TYPE OF ACTION**

Civil Action

**SPECIAL INSTRUCTIONS**

713 Broad Acres Rd Penn Valley, PA 19072   LAST DAY FOR SERVICE: _____

### TO BE COMPLETED BY SHERIFF

Served and made known to TODD JOSEPH Properties LLC, et al , Defendant(s) on the __17__ day of __NOVEMBER__, 20_23_, at _0735_ o'clock _A_.M. at _AS GIVEN_ Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ _____ and officer of said Defendant company.
☒ Other _PIC: TODD FENSTERMACHER_

**SHERIFF JEWELL WILLIAMS**

By _Colleen McCrane #1043_
Deputy Sheriff

On the _____ day of _____, 20_____, at _____ o'clock _____.M. Defendant not found because:

☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other: _____

**SHERIFF JEWELL WILLIAMS**

By _____
Deputy Sheriff

### DEPUTIZED SERVICE

Now, the _____ day of _____, 20_____, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this ☐ Summons ☐ Complaint ☐ Other: _____ and make return thereof and according to Law.

**SHERIFF JEWELL WILLIAMS**

By _____
Deputy Sheriff

RECV'D MCSD MONTCO. PA 2023 NOV 1

### TO BE COMPLETED BY ATTORNEY

Name  David B. Sherman, Esquire
Address  1628 JFK Boulevard, Suite 2200, Philadelphia, PA  19103
Telephone Number  (215) 665-1100
Identification Number  36437
Represents:
☒ Plaintiff(s)  Chantell Alston
☐ Defendant(s) _____
☐ Other _____

### TO BE COMPLETED BY PROTHONOTARY

A   T   T   E   S   T

**PRO PROTHONOTARY**

DATE

11/15/23 @ 850 am

5-21 (Rev. 7/00)

PROTHONOTARY'S COPY

Case ID: 230803114

C.P. 66-1/2

**SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.**
(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

COURT TERM AND NUMBER

230803114

| TO BE COMPLETED BY ATTORNEY | |
|---|---|
| PLAINTIFF | SHERIFF'S NUMBER |
| Chantell Alston | |

| | COST | MILEAGE |

| DEFENDANT(S) | DISTRICT |
|---|---|
| Todd Joseph Properties LLC, et al | ☐ Summons  ☒ Complaint  ☐ Other: _____ |

| SERVE AT | TYPE OF ACTION |
|---|---|
| The Let Out, 713 Broad Acres Road, Penn Valley, PA 19072 | Civil Action |

SPECIAL INSTRUCTIONS

LAST DAY FOR SERVICE: _____

**TO BE COMPLETED BY SHERIFF**

Served and made known to TODD JOSEPH PROPERTIES LLC,Etal Defendant(s) on the 17 day of NOVEMBER, 20 23, at 0735 o'clock A.M. at AS GIVEN Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ _____ and officer of said Defendant company.
☒ Other PIC / TODD FENSTERMACHER

SHERIFF JEWELL WILLIAMS

By Cullen McCrane #1043
*Deputy Sheriff*

On the _____ day of _____, 20_____, at _____ o'clock _____.M. Defendant not found because:
☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other: _____

SHERIFF JEWELL WILLIAMS

By _____
*Deputy Sheriff*

**DEPUTIZED SERVICE**

Now, the _____ day of _____, 20_____, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this ☐ Summons ☐ Complaint ☐ Other: _____ and make return thereof and according to Law.

SHERIFF JEWELL WILLIAMS

By _____
*Deputy Sheriff*

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|
| Name David B. Sherman, Esquire | |
| Address 1628 JFK Boulevard, Suite 2200, Philadelphia, PA 19103 | |
| Telephone Number (215) 665-1100 | A   T   T   E   S   T |
| Identification Number 36437 | PRO PROTHONOTARY |
| Represents: | |
| ☒ Plaintiff(s) Chantell Alston | |
| ☐ Defendant(s) _____ | |
| ☐ Other _____ | DATE |

5-21 (Rev. 7/00)

11/15/23 $50 CM

PROTHONOTARY'S COPY

Case ID: 230803114